


# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SEAN RODNEY ORTH,

*Petitioner*,

vs.

E.K. MCDANIELS, *et al.*

*Respondents*.

3:09-cv-00069-BES-VPC

ORDER

This habeas matter comes before the Court for initial review under Rule 4 of the Rules Governing Section 2254 Cases as well as on the petitioner's motion (#3) for an order to raise his prison copy credit limit. The filing fee has been paid.

Local Rule LSR 3-1 requires that a *pro se* habeas petitioner must use the Court's required petition form. Petitioner did not use the form, and he instead has submitted a ninety-five page typewritten petition that does not comply with the Local Rule. Having reviewed the petition submitted, the Court is not persuaded that the claims are such that they cannot be presented on the required form. Petitioner further did not attach copies of the written state court decisions concerning his conviction, as required by the petition form.

The petition therefore will be dismissed without prejudice to the filing of a new petition in a new action on the Court's required form. The Court notes in this regard that petitioner alleges that the Supreme Court of Nevada affirmed the judgment of conviction on direct appeal on September 25, 2008. It thus does not appear that a dismissal of the present action without prejudice will result in a promptly-filed new petition in a new action being time-barred.

The motion to raise petitioner's prison copy credit limit will be denied. Petitioner seeks to have his copy credit limit raised by an additional $240.00 "so Petitioner can copy and file documents in support of" the petition. At the very outset, there is no requirement that the petitioner file massive sets of documents in support of a habeas petition. At the beginning of the case, he must file a petition and copies of the state court written decisions concerning his conviction, which in this instance would be a copy of the state supreme court's order of affirmance on direct appeal. If the Court orders service and a response, the Court will direct the respondents to file the relevant portions of the state court record. Moreover, the petitioner paid the filing fee in this action, and he thus is not proceeding *in forma pauperis*. Petitioner accordingly has not submitted the financial certificate from the pauper form and a statement of his inmate account for the past six months. He therefore has not established that he is unable to pay for his own copy costs, including any unpaid copy credit balance owed to the institution.

IT THEREFORE IS ORDERED that this action shall be DISMISSED without prejudice to the filing of a new petition in a new action on the Court's required Section 2254 form.

IT FURTHER IS ORDERED that the petitioner's motion (#3) for an order to raise his prison copy credit limit is DENIED.

IT FURTHER IS ORDERED that the Clerk of Court shall send petitioner two copies of a Section 2254 petition form and one copy of the petition that he submitted in this action.

The Clerk of Court shall enter final judgment accordingly, dismissing this action without prejudice.

DATED: This 10th day of February, 2009.

BRIAN E. SANDOVAL
United States District Judge